# In the United States Court of Federal Claims

No. 09-333T
(Filed April 10, 2020)
NOT FOR PUBLICATION

```
* * * * * * * * * * * * * * * * * * * * * * * * *
                                                *
WILLIAM KOOPMANN, et al.,                       *
                                                *
                        Plaintiffs,             *
                                                *
            v.                                  *
                                                *
THE UNITED STATES,                              *
                                                *
                        Defendant,              *
                                                *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

## MEMORANDUM OPINION AND ORDER

WOLSKI, Senior Judge.

 Pending before the court is a motion by the government to dismiss the claim of Walter A. and Sandra J. Bates, filed pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims (RCFC). Because the U.S. District Court for the Middle District of Florida has ruled that Mr. and Mrs. Bates were not entitled to the tax refund in question, defendant contends that their claim in this court is barred by the doctrines of claim preclusion and issue preclusion.[1] Mister and Mrs. Bates argue that the preclusion doctrines do not bar their claim because certain legal theories relating to their entitlement to a refund were not actually heard by the district court. For the reasons explained below, the government's motion to dismiss the claim of Mr. and Mrs. Bates is **GRANTED**.

---

[1] The government had previously moved to dismiss the claim of Mr. and Mrs. Bates due to the issuance of a refund of the claimed amount, plus interest, to the Bates plaintiffs. *See* Mem. in Supp. Mot. to Dismiss Claims of Bates Pls. (Def.'s 1st Mot.), ECF No. 77. As the district court has ordered the return of that refund, the government concedes that its first motion to dismiss these plaintiffs is moot. *See* Reply in Supp. of 2d Mot., ECF No. 97 at 1. Accordingly, that motion is **DENIED-AS-MOOT**.

## I.  BACKGROUND

Walter A. Bates was an employee of United Airlines (United).  As part of his retirement compensation, he was entitled to receive benefits under a nonqualified deferred compensation plan.  Under 26 U.S.C. § 3121(v)(2), the benefits deferred under such a plan are subject to Federal Insurance Contributions Act (FICA) taxes at an earlier time than when they are actually received.  Typically, these benefits are included in the FICA wage base at the time of an employee's retirement, as that is "when there is no substantial risk of forfeiture of the rights to such amount."  26 U.S.C. § 3121(v)(2)(a)(ii).  This is due to Internal Revenue Service (IRS) regulations issued by the Department of the Treasury concerning such compensation, which require its inclusion "on the first date on which the amount, form, and commencement date of the benefit payments attributable to the amount deferred are known . . . "  26 C.F.R. § 31.3121(v)(2)-1(e)(4)(i)(B).  The deferred benefits are taxed at their "present value," which is computed with reference to actuarial projections concerning life expectancy and a discount rate which accounts for the time value of money but does *not* account for the risk of employer default.  *See* 26 C.F.R. § 31.3121(v)(2)-1(c)(2)(ii); *Balestra v. United States*, 119 Fed. Cl. 109, 110–13 (2014).

Accordingly, at Mr. Bates's retirement on December 1, 2003, United calculated the present value of his nonqualified plan benefits to be $1,023,373.03.  *See* Ex. B to Def.'s 1st Mot., ECF No. 77-2, at 2–3.  As Mr. Bates's other income already surpassed the Old Age Survivor and Disability Insurance contribution base, he was at that time liable only for the Hospital Insurance (HI) portion of FICA, then set at 1.45%.  *See* 26 U.S.C. § 3101(b) (2000).  This amount, calculated to be $14,838.91, was apparently paid by United on behalf of Mr. Bates in 2003.[2]  United then recouped this amount by deducting it from Mr. Bates's nonqualified plan benefits paid in March, April and May 2004.  Ex. B to Def.'s 1st Mot. at 2–3.  But because of United's bankruptcy, which resulted in a discharge of these nonqualified plan obligations, Mr. Bates received but a small fraction of the estimated value of these benefits---only $77,537.33 in 2004 and $53,679.69 in 2005.  *Id.* at 2; *see also Balestra*, 119 Fed. Cl. at 110.

In January 2008, Mr. and Mrs. Bates filed a refund claim with the IRS concerning their 2004 taxes, Ex. B to Def.'s 1st Mot. at 1.  They sought a refund of FICA taxes in the amount of $12,936.26, which they calculated by applying the 1.45% HI tax rate to the benefits Mr. Bates actually received and subtracting this amount from the taxes that were paid based on the estimated nonqualified plan

---

[2]  *See* Ex. C to Ex. 2 to Mot. for Summ. J., *United States v. Bates*, No. 8:12-CV-833-CEH-TBM (M.D. Fla., Dec. 4, 2014), ECF No. 30-3 at 50 (Mr. Bates's 2003 W-2 form, showing Medicare wages and Medicare tax withheld including the amounts attributable to the nonqualified deferred compensation plan).

benefits. *Id.* at 1–2.  The IRS denied their claim in May 2008,[3] and a little more than one year later Mr. Bates was named as one of 170 *pro se* plaintiffs who had joined their claims in this case.  *See* Compl. at 1–2.  Due to an apparent misunderstanding concerning the proper procedure to be followed in this unusual circumstance of a case with numerous *pro se* parties, only William Koopmann signed the initial complaint.  *See id.* at 17; Order (May 26, 2010) at 2.  A signature page for Mr. Bates, on which he indicated that Mrs. Bates was also a party, was submitted on August 12, 2009, and was subsequently filed as an amendment to the complaint, as of the date of submission.  *See* Am. to Compl. at 11, ECF No. 59; Order (May 26, 2010) at 4–5.  A second case purporting to contain the refund claim of Mr. Bates and 47 other *pro se* taxpayers was filed the following year, on March 12, 2010.  *See* Compl., *Sofman v. United States*, No. 10-157T, at 1 & Ex. 8 at 1.   In addition to these two cases, Mr. and Mrs. Bates also filed with the IRS Office of Appeals an administrative appeal of the denial of their refund claim, and on May 17, 2010 received a refund in the amount requested, plus interest.  Exs. C and D to Def.'s 1st Mot.

Eight months later, the IRS sent Mr. and Mrs. Bates a letter informing them that the refund was erroneous and requesting its return.  Ex. D to *id.*  The IRS maintained that the refund claim was filed too late, and that it lost the authority to approve the request once the claim was in litigation.  *Id.*  Mister Bates responded that he would only return the refunded amount, plus any applicable interest, if he were to lose his litigation in our court.  Ex. E to Def.'s 1st Mot.  Fourteen months later, the United States sued Mr. and Mrs. Bates in the U.S. District Court for Middle District of Florida, seeking to recover the refund, plus interest, under the erroneous refund provision of the tax code, 26 U.S.C. § 7405.  Ex. F to Def.'s 1st Mot.  Following a bench trial, the government obtained a judgment against Mr. and Mrs. Bates for the return of the refund with interest.  *United States v. Bates*, No. 8:12-CV-833-T-36TBM, 2015 WL 7444285, at *5 (M.D. Fla. Nov. 23, 2015).  In that decision, the court found that, because the Bates plaintiffs filed their refund request after the statute of limitations period under 26 U.S.C. § 6511 had expired, the refund was improperly granted.  *Id.* at *4–5.

The government contends that the district court decision, finding that Mr. and Mrs. Bates were not entitled to a refund of the taxes at issue, precludes them from litigating their claim in this court.  Second Mot. by U.S. to Dismiss Claims Filed by Mr. and Mrs. Bates (Def.'s 2d Mot.), ECF No. 90 at 3–6.  Defendant argues that this decision precludes the claim of Mr. and Mrs. Bates for two reasons.   First, under the doctrine of claim preclusion, defendant maintains that the final decision on the merits by the district court regarding the tax refund at issue precludes our court from hearing any issue that could have been raised in the district court.  *Id.* at

---

[3] *See* Compl., *Sofman v. United States*, No. 10-157T, Ex. 8 at 2 (first page of IRS letter bearing May 9, 2008 date).

3–5. Under this theory, Mr. and Mrs. Bates fail to state a claim upon which relief may be granted as a consequence of the district court decision, warranting a dismissal under RFCF 12(b)(6).

Second, the government argues that Mr. and Mrs. Bates are collaterally estopped from bringing their claim in this court, because the issue of the timeliness of their refund request was actually litigated in the district court and resolved against them. *Id.* at 5–6 (citing *Laguna Hermosa Corp. v. United States*, 671 F.3d 1284, 1288 (Fed. Cir. 2012)). As the timely filing of a refund request is a jurisdictional predicate for a refund claim to be entertained in our court or a district court, *see United States v. Dalm*, 494 U.S. 596, 609 (1990); *Stephens v. United States*, 884 F.3d 1151, 1159–60 (Fed. Cir. 2018), if the litigation of this particular issue is precluded, dismissal for lack of subject-matter jurisdiction would be proper under RCFC 12(b)(1).

In their response, Mr. and Mrs. Bates do not directly address the government's claim preclusion argument. *See* Pls.' Reply to Def.'s 2d Mot. (Pls.' Resp.), ECF No. 96 at 1–6. They do, however, question whether preclusion could apply to their claim in this earlier-filed lawsuit, and maintain that they were given no opportunity in the district court to litigate their claim that the HI taxes at issue were unlawful collections of future years' taxes on income that was never to be received by them. *Id.* at 4–6. Regarding issue preclusion, Mr. and Mrs. Bates argue that under *Commissioner of Internal Revenue v. Sunnen*, 333 U.S. 591 (1948), collateral estoppel can only apply in tax cases when the matters in the two cases are "identical in all respects." *Id.* at 2 (quoting *Sunnen*, 333 U.S. at 599–600). They maintain this identity is lacking, as the district court considered only whether they "had the right to a refund for the 2004 tax year," *id.* at 3, and found the particular refund issued by the IRS to be erroneous because their claim was not timely filed, *id.* at 4. They argue that the essential matters in our case---the merits of their refund claim, which they characterize as applying to tax years after 2004---were not addressed by the district court. *Id.* at 5–6.

The government, in reply, argues that claim preclusion applies because both lawsuits concern the same facts and transactions, namely whether Mr. and Mrs. Bates were entitled to the FICA tax refund they requested. Def.'s Reply in Supp. of Second Mot. to Dismiss (Def.'s Reply), ECF No. 97 at 2–3. Regarding issue preclusion, defendant contends that, regardless of the tax years that Mr. and Mrs. Bates contend are at issue, both cases involve the same factual and legal issue--- whether the tax refund claim, filed to recover the HI payments made by United, was timely filed. *Id.* at 3–4.[4]

---

[4] At the Court's request, *see* Order (Jan.17, 2017), ECF No. 101, the parties filed supplemental briefs addressing the potential applicability of 26 U.S.C. § 6331(i)(4)(A), which prevents the federal government from filing a lawsuit to

## II.  DISCUSSION

### A.  Legal Standards for Issue and Claim Preclusion

Under the doctrine of claim preclusion, "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981) (citing *Sunnen*, 333 U.S. at 597–98; *Cromwell v. Cty. of Sac*, 94 U.S. 351, 352–53, 24 L.Ed. 195 (1877)).  Claim preclusion employs the common law concepts of merger and bar, *see Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 n. 1 (1984), and is not limited to the legal theories litigated but extends to all remedies concerning the "particular factual transaction or series thereof on which a suit is brought." *Foster v. Hallco Mfg. Co.*, 947 F.2d 469, 479 (Fed. Cir. 1991).  Under issue preclusion, or collateral estoppel, "once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation." *Montana v. United States*, 440 U.S. 147, 153 (1979).

### B.  The Government's Motion to Dismiss the Bateses' Claim

The Court addresses issue preclusion first, because the government's argument, if successful, would deprive this Court of subject-matter jurisdiction.  *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93–95 (1998) (holding that a court must first be satisfied that it has jurisdiction before any merits questions may be reached); *Chisolm v. United States*, 82 Fed. Cl. 185, 192 (2008) (same).   Issue preclusion applies when:  (1) the issue is identical to one decided in the first action; (2) the issue was actually litigated in the first action; (3) resolution of the issue was essential to a final judgment in the first action; and (4) the plaintiff had a full and fair opportunity to litigate the issue in the first action.  *Laguna Hermosa*, 671 F.3d at 1288.

Mister and Mrs. Bates suggest that collateral estoppel should apply only to parties who were plaintiffs in the first action, *see* Pls.' Resp. at 2, although this is clearly not the law.  *See, e.g., United States v. Stauffer Chem. Co.*, 464 U.S. 165, 167–69 (1984) (applying collateral estoppel against the federal government when it had been the defendant in the first action).  They also question whether collateral estoppel may apply in a lawsuit that was filed prior to the one whose final judgment is invoked as the basis for issue preclusion.  Pls.' Resp. at 3.  But the Federal Circuit

---

collect unpaid payroll taxes while a suit for the refund of the paid portion of such taxes is pending.  *See* Suppl. Br. in Supp. of 2d Mot. (Def.'s Suppl. Br.), ECF No. 104; Reply to Suppl. Br. (Pls.' Suppl. Br.), ECF No. 109.  The Court concludes that the statute does not apply in our context, as the district court case was not to collect unpaid taxes, but rather to collect a portion of *paid* taxes that was allegedly erroneously refunded.  *See* 26 U.S.C. § 7405.

has squarely held that once a final judgment is entered concerning an issue, this will apply in proceedings that started earlier than or concurrently with the case that had reached finality---even if the issue was already decided to the contrary (but not with finality) in those other proceedings. *See Mendenhall v. Barber-Greene Co.*, 26 F.3d 1573, 1576–80 (Fed. Cir. 1994). More substantively, Mr. and Mrs. Bates also invoke the "separable facts" doctrine from *Sunnen*, which limits the applicability of collateral estoppel in cases involving different tax years and different transactions or contracts. *See* Pls.' Resp. at 2–3.[5] But that doctrine is irrelevant to the claim of Mr. and Mrs. Bates, which is not based on multiple tax refund requests and multiple, distinguishable nonqualified plans.

In opposing the government's motion, Mr. and Mrs. Bates focus on issues that were not litigated in the district court, such as their merits argument that a portion of the HI tax paid by United was an illegal prepayment of taxes on never-realized income for future tax years; or on the difference in the cause of action in the district court, a suit to recover a refund rather than one seeking a refund. *Id.* 4–6. But what is identical in both lawsuits is that both concern whether Mr. and Mrs. Bates were entitled to a tax refund based on the refund request they submitted in January 2008. *See Bates*, 2015 WL 7444285, at *2 (discussing request received by the IRS on January 28, 2008); Am. to Compl. at 11, ECF No. 59 (the Bateses' signature page, indicating the refund was requested on January 24, 2008); Ex. B to Def.'s 1st Mot. (the refund request). The government notes that the reason the district court found the tax refund to have been erroneously issued was that the tax refund request filed by Mr. and Mrs. Bates was not timely, under 26 U.S.C. § 6511. Def.'s 2d Mot. at 5–6; *see Bates*, 2015 WL 7444285, at *4–5. This point is conceded by Mr. and Mrs. Bates, who state that the district court "only settled the question of whether the refund was 'erroneous' because the claim was untimely filed." Pls.' Resp. at 4.

The problem for Mr. and Mrs. Bates is that the limitation period in 26 U.S.C. § 6511(a) also applies to determine whether a tax refund request was timely for purposes of our court's jurisdiction. *See* 26 U.S.C. § 7422(a); *Dalm*, 494 U.S. at 601–02, 609–10; *Stephens*, 884 F.3d at 1154. The district court's determination that the refund request was filed beyond the section 6511 limitations period was without question actually litigated and essential to the judgment in that case, and Mr. and Mrs. Bates had a full and fair opportunity to litigate that issue---indeed, the district court considered their argument that the timing of United's bankruptcy should be taken into account. *See Bates*, 2015 WL 7444285, at *4–5.[6] Although Mr. and Mrs.

[5] To explain the *Sunnen* doctrine, Mr. and Mrs. Bates rely upon a U.S. Tax Court decision, although the appellate opinion in that case questioned whether the "separable facts" doctrine was still good law. *See Peck v. Comm'r*, 904 F.2d 525, 527 (9th Cir. 1990) (discussing *Montana*, 440 U.S. at 161).

[6] Since the district court found "no dispute" concerning the untimeliness of the

Bates argue that they are seeking in this case a refund of taxes for different tax years than were at issue in the district court, Pls.' Resp. at 5, the refund that was recouped in that case and the refund that is sought in this case are for the identical taxes paid by United and are based on the same tax refund request submitted by Mr. and Mrs. Bates---which identified 2004 as the applicable tax year. *See* Ex. B to Def.'s 1st Mot. at 1. To the extent that Mr. and Mrs. Bates believe that the refund request pertained to later tax years, and thus was not untimely, that argument was relevant to whether the refund they received was erroneously issued and should have been raised in the district court.

Finally, Mr. and Mrs. Bates also contend that the timeliness of their refund request was "not essential" to their claim in this case. Pls.' Resp. at 6. But the predicate of a timely-filed refund request is a jurisdictional requirement for a tax refund claim to be entertained in our court, *see Dalm*, 494 U.S. at 601–02, 609–10; *Stephens*, 884 F.3d at 1154–56, 1159–60; and the issue of a court's jurisdiction is a threshold matter that is essential to every case, *see Steel Co.*, 523 U.S at 94–95. The district court has determined that the tax refund request submitted by Mr. and Mrs. Bates, which was the basis for the refund at issue in that court and the identical one at issue here, was filed too late under 26 U.S.C. § 6511(a). As a consequence, this Court is precluded from allowing that issue to be relitigated in this case and has no choice but to grant the government's motion to dismiss the claim of Mr. and Mrs. Bates for lack of subject-matter jurisdiction.[7] Although it appears that Mr. and Mrs. Bates, representing themselves in the district court as well as in this court, chose not to appeal the district court's decision because they believed that their refund could be litigated in this court, *see* Pls.' Suppl. Br. at 7, this is unfortunately not the case. The government's motion to dismiss their claim, under RCFC 12(b)(1), is accordingly **GRANTED**.

## III. CONCLUSION

For the reasons stated above, the government's motion to dismiss the claim of Walter A. Bates and Sandra J. Bates for lack of subject-matter jurisdiction is **GRANTED**. The Clerk shall dismiss the claim of Mr. and Mrs. Bates from this lawsuit.

---

refund request, *see Bates*, 2015 WL 7444285, at *4, it did not explain whether it was treating United as the filer of a 2003 FICA return and using the three-year period under 26 U.S.C. § 6511, or treating Mr. and Mrs. Bates as non-filers and employing the two-year period dating from payment of the taxes.

[7] Because the Court has found jurisdiction to be lacking, the alternative ground for dismissal is moot and need not be addressed.

**IT IS SO ORDERED.**

VICTOR J. WOLSKI
Senior Judge