# In the United States Court of Federal Claims

WILLIAM KOOPMANN, *et al.*,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

No. 09-cv-333 T

Filed: November 24, 2020

*For Plaintiffs*:  Walter A. Bates and Sandra J. Bates, pro se, Winter Haven, FL

*For Defendant*:  Jason Bergmann, United States Department of Justice, Tax Division, Court of Federal Claims Section, Washington, D.C.

## MEMORANDUM AND ORDER

On April 10, 2020, the Honorable Victor J. Wolksi, the prior judge overseeing this case, entered an order granting Defendant's motion to dismiss Plaintiffs Walter and Sandra Bates (the Bates Plaintiffs) from this action. *Koopmann v. United States*, No. 09-333T, 2020 WL 1844657, at *1 (Fed. Cl. Apr. 10, 2020).  On April 27, 2020, the Bates Plaintiffs, proceeding pro se, submitted a letter requesting this Court "reconsider [its] decision in removing [Plaintiffs] from the plaintiff list of Koopmann Case #09-333T."  Bates Plaintiffs' Motion for Reconsideration (ECF No. 145) (Mot. for Reconsideration) at 1.  The Court liberally construed this letter as a motion for reconsideration of Judge Wolski's April 10, 2020 Order.  *See* Deficiency Memorandum (ECF No. 144-1).  Defendant timely opposed the Motion for Reconsideration, arguing that the Bates Plaintiffs have not stated a valid reason upon which this Court could consider or grant their reconsideration request.  *See* Defendant's Response (ECF No. 247) (Def. Opp.) at 2.  For the reasons set forth below, the Bates Plaintiffs' Motion for Reconsideration is **DENIED**.

1

BACKGROUND

This case has a long litigation history.  The background of this case as related to the Bates Plaintiffs is discussed at length in *Koopmann v. United States*, No. 09-333T, 2020 WL 1844657, at *1 (Fed. Cl. Apr. 10, 2020) and *United States v. Bates*, No. 8:12-cv-833-T-36TBM, 2015 WL 7444285 (M.D. Fla. Nov. 23, 2015).  *See also Balestra v. United States*, 803 F.3d 1363 (Fed. Cir. 2015).  In sum, the Bates Plaintiffs allege that they are due a refund of FICA taxes paid on the portion of Mr. Bates's deferred compensation benefits that had vested, but he will never receive due to his former employer's bankruptcy.  *See Koopmann*, 2020 WL 1844657, at *1-2.  Although neither party contests the factual findings of either decision, the Court provides a brief summary of the background of this action for ease of reference.

The Federal Insurance Contributions Act (FICA), I.R.C. §§ 3101–3128, establishes a tax that is assessed by the Government based on wages paid to workers, and the money collected from the FICA tax is used to fund the Social Security and Hospital Insurance (HI) program.  Generally, for purposes of collecting FICA tax, wages are considered received when paid by the employer to the employee, and wages are paid by the employer when actually or constructively paid.  *See* Treas. Reg. § 31.3121(v)(2)–1(a)(1).  However, some wages are treated differently under the special timing rule for FICA tax purposes.  *See* Treas. Reg. § 31.3121(v)(2)–1(a)(2).  "This tax treatment, where benefits are taxed although deferred, is referred to as the 'special timing rule.'"  *Balestra v. United States*, 119 Fed. Cl. 109, 110 (2014) (*Balestra CFC*), *aff'd* 803 F.3d 1363 (Fed. Cir. 2015). The "special timing rule only applies to wages under [I.R.C.] § 3121(a) if those wages are from a 'nonqualified deferred compensation plan' as described in [Treas. Reg.] § 31.3121(v)(2)–1(b)." *Balestra*, 803 F.3d at 1366 (internal citations and quotations omitted).  Under the special timing rule, FICA tax is assessed only once, at the "later of (i) when the services are performed, or (ii)

2

when there is no substantial risk of forfeiture of the rights to such amount." Treas. Reg. § 31.3121(v)(2)–1(a)(2)(ii) (tracking I.R.C. § 3121(v)(2)(A)). There is "no substantial risk of forfeiture," if

> an amount deferred is considered reasonably ascertainable on the first date on which the amount, form, and commencement date of the benefit payments attributable to the amount deferred are known, and the only actuarial or other assumptions regarding future events or circumstances needed to determine the amount deferred are interest and mortality.

Treas. Reg. § 31.3121(v)(2)–1(e)(4)(i)(B). The deferred benefits are taxed at their present value, which is computed with reference to reasonable actuarial projections concerning life expectancy and a discount rate that accounts for the time value of money but does not account for the risk of employer default. *See* Treas. Reg. § 31.3121(v)(2)-1(c)(2)(ii); *Balestra*, 803 F.3d at 1371.

Walter A. Bates was an employee of United Airlines (United). *Bates*, 2015 WL 7444285, at *1. As part of his retirement compensation, he was entitled to receive benefits under a nonqualified deferred compensation plan. *Id*. Mr. Bates retired on December 1, 2003, and subsequently paid FICA taxes on the present value of his nonqualified deferred compensation plan benefits, estimated to be $1,023,373.03. *See id*.; *Koopmann*, 2020 WL 1844657, at *2. Specifically, United paid $14,838.91 in FICA taxes on Mr. Bates's behalf and subsequently recouped the amount by deducting it from Mr. Bates's nonqualified plan benefits. *See Bates*, 2015 WL 7444285, at *1-2*; Koopmann*, 2020 WL 1844657, at *2. At the time of Mr. Bates's retirement, United was reorganizing under Chapter 11 of the Bankruptcy Code. *See id*. When United's reorganization plan was ultimately approved, United's obligation to pay Mr. Bates's nonqualified deferred compensation plan benefits was discharged, and consequently Mr. Bates did not receive a substantial portion of his expected benefits. *See id*.; *see Koopmann*, 2020 WL 1844657, at *2 (noting Mr. Bates received $131,217.02).

In January 2008, Mr. and Mrs. Bates filed a refund claim with the IRS to recover FICA taxes paid on benefits that Mr. Bates never received due to United's bankruptcy. *Id.* at *2. They sought a refund of FICA taxes in the amount of $12,936.26, which they calculated by applying the HI tax rate to the benefits Mr. Bates actually received and subtracting this amount from the taxes that were paid based on the present value of his nonqualified deferred compensation plan benefits. *Koopmann*, 2020 WL 1844657, at *2 (internal citation omitted). The IRS denied their claim in May 2008. *Id.*

On May 26, 2009, another retired United pilot acting pro se, William Koopmann, filed a lawsuit in the United States Court of Federal Claims against the United States seeking, *inter alia*, a refund of a portion of the FICA taxes paid relating to his nonqualified deferred compensation plan benefits. *See* Complaint, *Koopmann v. United States*, 09-cv-333 (ECF No. 1) (Compl.). Mr. Koopmann purported to represent over 160 other retired United pilots, including Mr. Bates, all acting pro se. *See id.* at 1.[1] Mr. and Mrs. Bates also filed with the IRS Office of Appeals an administrative appeal of the denial of their refund claim; on May 17, 2010, the Bates Plaintiffs received a refund from the IRS of $17,742.33. *Bates*, 2015 WL 7444285, at *2; *see also Koopmann*, 2020 WL 1844657, at *2 (internal citation omitted).

In a January 27, 2011 letter, the IRS requested that Mr. and Mrs. Bates return the $17,742.33 refund on the grounds that the IRS did not have authority to grant the refund while

---

[1] The Bates Plaintiffs, along with forty-seven (47) other pro se plaintiffs, filed a second action on March 12, 2010, advancing the same claim and seeking the same refund. *See* Complaint, *Sofman v. United States*, No. 10-157T, at 1, (ECF No. 1); *see also* Plaintiff Information Sheet (ECF No. 61) at 13. The Bates Plaintiffs' claim in *Sofman* was not subject to Judge Wolski's April 10, 2020 decision in *Koopmann* and is therefore not subject to this Order. However, the Court notes that the Bates Plaintiffs' refund claim in *Sofman* are identical to their claim in *Koopmann*. The Court had expected that the Bates Plaintiffs would file a consent motion to withdraw from *Sofman* by July 16, 2020, since the claims are seemingly duplicative. *See* Order, *Sofman v. United States*, No. 10-157T (May 11, 2020) (ECF No. 133). The parties did not make such a filing. The Court will address the Bates Plaintiffs' duplicative complaint in *Sofman* by separate order.

4

litigation was pending in *Koopman* because Mr. and Mrs. Bates were still plaintiffs in that case. *Bates*, 2015 WL 7444285, at *2. On February 14, 2011, Mr. Bates sent a short letter to the IRS stating:

> I have received your letter dated Jan 27, 2011. As you noted, I am a plaintiff in an ongoing lawsuit in the Court of Federal Claims against the IRS, for refund of these excess FICA taxes. Therefore, I intend to wait for the conclusion of that litigation before taking further action. If you should win I will return the refunded amount and interest, as the Court orders.

*Bates*, 2015 WL 7444285, at *2.

Subsequently, the United States sued Mr. and Mrs. Bates in the U.S. District Court for Middle District of Florida (District Court), seeking to recover the refund, plus interest, under the erroneous refund provision of the tax code, 26 U.S.C. § 7405. *Koopmann*, 2020 WL 1844657, at *2 (internal citation omitted). Following a bench trial, the government obtained a judgment against Mr. and Mrs. Bates on the ground that they filed their refund request after the expiry of the statute of limitations period established by 26 U.S.C. § 6511. *Koopmann*, 2020 WL 1844657, at *2 (citing *Bates*, 2015 WL 7444285, at *4-5).

On April 10, 2020, Judge Wolski dismissed the Bates Plaintiffs' complaint because the District Court had already decided that Mr. and Mrs. Bates were not entitled to the same tax refund at issue in *Koopmann*; thus, their claim in this Court was barred by the doctrine of collateral estoppel. *Koopmann,* 2020 WL 1844657, at *5.

On April 10, 2020, this case was transferred to the undersigned judge. *See* Order (ECF No. 135). On April 27, 2020, the Bates Plaintiffs timely moved for reconsideration of Judge Wolski's decision dismissing their complaint. *See* Mot. for Reconsideration at 1. The Bates Plaintiffs make two main arguments in their Motion. First, the Bates Plaintiffs urge reconsideration, stating that they were unaware that the United States District Court's decision in

*Bates* would preclude them from seeking relief in this Court. *See id*. The Bates Plaintiffs further contend that they did not appeal the United States District Court's decision in *Bates* because of alleged representations made by a government attorney that they could address their arguments before the United States Court of Federal Claims. *Id*. The Bates Plaintiffs' second argument concerns the statute of limitations period established by 26 U.S.C. § 6511(a). The Bates Plaintiffs allege that the District Court failed to consider their argument that the IRS improperly interpreted 26 U.S.C. § 6511(a) because "[Mr. Bates's] employer was required to file the FICA tax return," not Mr. Bates himself. *Id*. Additionally, Mr. and Mrs. Bates allege that the District Court refused to hear their argument that the IRS improperly interpreted 26 U.S.C. § 6511(a) as barring a refund request where the event triggering the purported eligibility for that refund –United's bankruptcy and discharge of obligations to pay Mr. Bates's benefits– did not occur until after the statute of limitations had lapsed. *Id*.

Mr. and Mrs. Bates are sympathetic plaintiffs and the Court sincerely understands their frustration. However, this Court is bound by laws enacted by Congress, precedent of the United States Court of Appeals for the Federal Circuit, and by the Rules of the United States Court of Federal Claims, which in this instance do not permit the Court to reconsider the same arguments that the Bates Plaintiffs previously advanced and that Judge Wolski thoroughly addressed.

DISCUSSION

Motions for reconsideration are governed by Rule 59(a)(1) of the Rules of the United States Court of Federal Claims (Rules). Pursuant to Rule 59(a)(1), a court, in its discretion, "may grant a motion for reconsideration when there has been an intervening change in the controlling law, newly discovered evidence, or a need to correct clear factual or legal error or prevent manifest

6

injustice." *Biery v. United States*, 818 F.3d 704, 711 (Fed. Cir. 2016) (internal citation and quotation omitted). A motion for reconsideration must also be supported "by a showing of extraordinary circumstances which justify relief." *Id.* (citing *Caldwell v. United States*, 391 F.3d 1226, 1235 (Fed. Cir. 2004)). Such a motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (quotation omitted). "The decision whether to grant reconsideration lies largely within the discretion of the [trial] court." *Yuba Natural Res., Inc. v. United States,* 904 F.2d 1577, 1583 (Fed. Cir. 1990).

Here, it is undisputed that the Bates Plaintiffs' arguments on reconsideration are not based on a change of law or newly discovered evidence. Additionally, there is not a clear factual or legal error for the Court to correct. The Motion for Reconsideration clearly makes arguments that the Bates Plaintiffs either made before Judge Wolski or could have made to him previously. *See Four Rivers Invs., Inc. v. United States*, 78 Fed. Cl. 662, 664 (2007) (motions for reconsideration are not opportunities for parties to reassert arguments that the court has already heard) (citations omitted).

First, the Bates Plaintiffs allege again on reconsideration that they were unaware that the United States District Court's decision in *Bates* would preclude them from seeking relief in this Court. Mot. for Reconsideration at 1. However, Judge Wolski fully considered and rejected this identical argument. *See Koopmann*, 2020 WL 1844657, at *5 ("Although it appears that Mr. and Mrs. Bates, representing themselves in the district court as well as in this court, chose not to appeal the district court's decision because they believed that their refund could be litigated in this court, this is unfortunately not the case.") (citations omitted).

Second, the Bates Plaintiffs are incorrect in their assertion that either the District Court or Judge Wolski failed to consider their arguments related to the IRS's interpretation of 26 U.S.C. § 6511(a).  *See* Mot. for Reconsideration at 1.  Both Judge Wolski and the District Court in *Bates* have already considered and rejected the Bates Plaintiffs' arguments related to the time bar established by 26 U.S.C. § 6511(a).  *See Koopmann*, 2020 WL 1844657, at *5 (holding district court determined that 26 U.S.C. § 6511(a) barred plaintiffs' refund request and accordingly the court is precluded from permitting re-litigation of claim); *see also Bates*, 2015 WL 7444285 at *5 (holding that Mr. and Mrs. Bates filed their refund request "outside the statutory limitations period provided by 26 U.S.C. § 6511").  In considering and rejecting these identical arguments, the District Court recognized, and this Court agrees,[2] that the "circumstances here are unusual and that the result . . . seems harsh" but "[u]nfortunately this Court has no authority to equitably toll the limitations period in this case." *Bates*, 2015 WL 7444285, at *4-5; *see also Koopmann*, 2020 WL 1844657, at *4-5.  As the Bates Plaintiffs have not identified an "intervening change in the controlling law, newly discovered evidence, or a need to correct clear factual or legal error or prevent manifest injustice," required by Rule 59, this Court must deny their Motion for Reconsideration.

---

[2]  This Court has analyzed the District Court's reasoning in subsequent decisions, including in *Koopmann v. United States*, No. 09-cv-333 T, 2020 WL 5823800, at *6 (Fed. Cl. Sept. 30, 2020) (dismissing plaintiff Mr. Brashear's claim for a tax refund as untimely) and *Koopmann v. United States*, No. 09-cv-333 T, 2020 WL 5833767, at *5 (Fed. Cl. Sept. 30, 2020) (dismissing plaintiff Mr. Koopmann's claim for a tax refund as untimely).  Though those decisions did not directly address the Bates Plaintiffs' Motion for Reconsideration, they addressed statute of limitations arguments the Bates Plaintiffs advance here.

CONCLUSION

For the reasons set forth above, this Court **DENIES** the Bates Plaintiffs' Motion for Reconsideration (ECF No. 145).

IT IS SO ORDERED.

<div style="text-align: right;">

  s/Eleni M. Roumel  
ELENI M. ROUMEL  
Chief Judge

</div>