# In the United States Court of Federal Claims

|  |  |
|---|---|
| WILLIAM KOOPMANN, *et al*., | |
| Plaintiffs, | No. 09-cv-333 T |
| v. | Filed: January 5, 2021 |
| THE UNITED STATES, | |
| Defendant. | |

## ORDER

On December 1, 2020, this Court entered a Memorandum and Order granting Defendant's "Motion to Dismiss Claims of Forty-Six Individual Plaintiffs for Want of Prosecution" (Mot. to Dismiss) pursuant to Rule 41(b) of the Rules of the United States Court of Federal Claims (RCFC or Rule(s)). *See Koopmann v. United States*, No. 09-CV-333 T, 2020 WL 7054417 (Fed. Cl. Dec. 1, 2020). Pursuant to that Memorandum and Order, the Court dismissed the following plaintiffs[1]

---

[1] The Court understands that plaintiffs Alan E. Snook, Douglas Lund, Richard Newton, and Gerald W. Johnson may have recently passed away. The Court had already ordered the dismissal of Mr. Snook to be without prejudice, subject to certain conditions (*see Koopmann*, 2020 WL 7054417, at *4 n.1); accordingly, the Court **ORDERS** that dismissal of Mr. Lund's, Mr. Newton's, and Mr. Johnson's claims are similarly without prejudice if, in accordance with Rule 25, a proper party files a motion to substitute within ninety (90) days of this Order. Previously, this Court ordered that any motions to substitute for those who have previously passed away must be filed by July 1, 2020. *See* April 28, 2020 and May 11, 2020 Orders (ECF Nos. 143, 185). Several other plaintiffs have passed away during the pendency of this litigation, and their representatives have filed the proper Rule 25 paperwork to continue prosecuting their claims, in compliance with this Court's Order. *See, e.g.*, June 11, 2020 Order at ECF No. 281 granting Diana Raymond's Motion to Substitute; June 11, 2020 Order at ECF No. 282 granting Joan Donohue's Motion to Substitute; June 11, 2020 Order at ECF No. 285 granting Barbara Munyon's Motion to Substitute; and November 16, 2020 Order at ECF No. 367 denying Defendant's Motion for Reconsideration on allowing the substitutions and granting motions to substitute of Mary Ann Burrus, Connie Adams, Molly McGrew, and Somchit Fendelander.

(collectively, the Non-Responsive Plaintiffs) for failure to prosecute their claims, pursuant to Rule 41(b):  claims in both *Koopmann* and *Sofman*[2] by (1) Charles H. George and (2) Allen E. Snook; and claims in *Koopmann* by (3) Brian Leiding, (4) James B. Brooks, Sr., (5) Douglas R. Lund, (6) David S. Meik, (7) Joseph L. Galbraith, (8) William Mullen, (9) Magnus R. Hansen, (10) Richard E. Newton, (11) Wayne A. Jackson, (12) William Royall, Jr., (13) Stephen F. Jakubowski, (14) Robert C. Seits, (15) Gerald W. Johnson, (16) Robert S. Tanons, (17) John Joyce, and (18) George Williams.  *Id*. at *1.

On December 14, 2020, Stephen F. Jakubowski and Wesley P. Fetzer (Moving Plaintiffs), proceeding pro se, filed and signed a motion for reconsideration.  *See* "Motion for Reconsideration of Dismisals [sic] of Eighteen Plaintiffs on December 1, 2020" (ECF No. 377) (Pls.' Mot. for Recons. or Motion for Reconsideration) at 1.  No other pro se plaintiffs joined the Moving Plaintiffs' Motion for Reconsideration.  As noted in this Court's previous Memorandum and Order, this underscores the issue at hand—with the exception of Mr. Jakubowski here, the Non-Responsive Plaintiffs have not responded to a Court order in this case in over ten years, and other pro se plaintiffs cannot appear or litigate on their behalf.  *See Koopmann*, 2020 WL 7054417, at *4.

For the reasons set forth below, Moving Plaintiffs' Motion for Reconsideration is **DENIED IN PART AND GRANTED IN PART**.  Mr. Jakubowski may be reinstated as a plaintiff provided that, within thirty (30) days, he completes the forms he was directed by the Clerk's office to complete in May and July 2020 and returns them via email to ProSe_case_filings@cfc.uscourts.gov or mails them to Clerk of Court, United States Court of Federal Claims, 717 Madison Place, NW, Washington, DC 20439.  Copies of such forms are

---

[2] The Moving Plaintiffs filed their Motion for Reconsideration in *Koopmann* only.  *See* Pls.' Mot. for Recons. at 1.

attached as Appendix A to this Order.

As noted in this Court's December 1, 2020 Memorandum and Order, Plaintiffs allege that they are due a refund of Federal Insurance Contributions Act (FICA) taxes paid on the portion of Plaintiffs' deferred compensation benefits that had vested, but they will never receive due to their former employer's bankruptcy.  *See Koopmann*, 2020 WL 7054417, at *1-2.

This case involves a group of over 160 retired United Airlines pilots who allege that they are owed a partial refund of FICA taxes paid on non-deferred compensation benefits, where the obligation to continue paying plaintiffs such benefits was discharged as a consequence of United's bankruptcy.  All plaintiffs are acting pro se*, and none of the plaintiffs are attorneys or licensed to practice law.  *See generally* May 1, 2020 Joint Status Report (ECF No. 147) at 7-8 (outlining the procedural history of this litigation).

This Court is sympathetic to plaintiffs, and the Court sincerely understands their frustration.  However, as noted in the Court's December 1, 2020 Memorandum and Order, this Court is bound by laws enacted by Congress, precedent of the United States Court of Appeals for the Federal Circuit, and the Rules of the United States Court of Federal Claims.

<u>DISCUSSION</u>

Motions for reconsideration are governed by Rule 59(a)(1).  Pursuant to Rule 59(a)(1), a court, in its discretion, "may grant a motion for reconsideration when there has been an intervening change in the controlling law, newly discovered evidence, or a need to correct clear factual or legal error or prevent manifest injustice."  *Biery v. United States*, 818 F.3d 704, 711 (Fed. Cir. 2016) (internal citation and quotation omitted).  A motion for reconsideration must also be supported "by a showing of extraordinary circumstances which justify relief."  *Id.*  (citing *Caldwell v. United States*, 391 F.3d 1226, 1235 (Fed. Cir. 2004)).  Such a motion "may not be used to relitigate old

matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (quotation omitted). "The decision whether to grant reconsideration lies largely within the discretion of the [trial] court." *Yuba Natural Res., Inc. v. United States,* 904 F.2d 1577, 1583 (Fed. Cir. 1990).

Moving Plaintiffs make two main arguments in their Motion for Reconsideration. First, Moving Plaintiffs allege that the Non-Responsive Plaintiffs who, other than Mr. Jakubowski, have not joined the present motion, were dismissed for "failure to update their contact information" and that "[n]o information other than their email and postal information was needed." Pls.' Mot. for Recons. at 1. Second, Moving Plaintiffs allege that some of the Non-Responsive Plaintiffs tried "to consent to email" and/or "sent updated[d] info by US Postal Service . . . but their data was not properly recorded . . . ." *Id*. at 2. This Court addresses Moving Plaintiffs' arguments on reconsideration and finds each without merit.

In their Motion for Reconsideration, Moving Plaintiffs allege that the Non-Responsive Plaintiffs were dismissed for "failure to update their contact information" and that "they disobeyed no other Order from the Court, in ten years." Mot. for Recons. at 1, 2. In actuality, this Court gave the Non-Responsive Plaintiffs numerous opportunities to respond to any motion or court order, yet they did not. *See Koopmann*, 2020 WL 7054417, at *2-3. This case was transferred to the undersigned judge on April 10, 2020. *See* ECF No. 135. On April 28, 2020, this Court ordered plaintiffs to "file a notice verifying his or her current contact information—including (1) name, (2) current e-mail address (if plaintiff uses email), (3) current mailing address, and (4) current telephone number" by July 1, 2020. *See* April 28, 2020 Order (ECF No. 143); May 11, 2020 Order (ECF No. 185) (extending the deadline to update contact information to July 1, 2020). This obligation to update the Court with current contact information is also required by Rule

83.1(c)(3)(C) of the United States Court of Federal Claims.  Even after the July 1, 2020 deadline, this Court continued to accept responses, and Defendant withdrew its claims against any plaintiffs who submitted a filing to the Court in the interim.  *See* Notice of Withdrawal of Motion to Dismiss for Want of Prosecution with Respect to Plaintiffs Atkins, DeCourdreaux, Hathaway, and Grosswiler (ECF No. 368).  Furthermore, despite plaintiffs' pro se status, the Court attached to its Order an e-notification consent form so that all plaintiffs could receive notifications via the Court's electronic filing system to ensure each plaintiff, should they choose to do so, could receive electronic notice of this Court's orders pertaining to their respective claims.  *See* E-Notification Consent Form (ECF No. 143-1).  The Court additionally directed the Clerk of Court to mail these orders to each plaintiff listed on the complaint.  *See* May 7, 2020 Transcript (ECF No. 219) (May 7 Tr.) at 43:16-23.  With the exception of Mr. Jakubowski responding via this Motion for Reconsideration, to date, the Non-Responsive Plaintiffs have still failed to properly comply with this Court's April 28, 2020 Order (ECF No. 143), to its May 11, 2020 Order (ECF No. 185), to Defendant's Motions for a More Definite Statement (ECF No. 252), or to Defendant's Motion to Dismiss Claims of Forty-Six Individual Plaintiffs for Want of Prosecution (ECF No. 319).[3]

In its Memorandum and Order dismissing the Non-Responsive Plaintiffs, the Court cited well-established law that, pursuant to Rule 41(b), a court may dismiss a case against a plaintiff for the failure to prosecute his claim.  *See Koopmann*, 2020 WL 7054417, at *3; *see also* RCFC 41(b); *Claude E. Atkins Enters., Inc.*, 899 F.2d 1180, 1183-84 (Fed. Cir. 1990) (finding dismissal proper when a party failed to comply with a court's order).  The Non-Responsive Plaintiffs have not prosecuted their claims, despite this Court providing the Non-Responsive Plaintiffs with an

---

[3] In their Motion for Reconsideration, Moving Plaintiffs state that David Meik has updated his contact information.  Pls.' Mot. for Recons. at 3.  However, after reviewing the record and conferring with the Clerk of Court, the Court found no evidence of any correspondence from Mr. Meik to the Court.  Further, Mr. Meik did not join the present motion.

abundance of opportunities to respond. This includes accepting responses after the Court's July 1, 2020 deadline and authorizing plaintiffs to collectively submit a response to Defendant's motions in a single filing provided that each individual plaintiff who joined such a response signed at the end of the document with "s/[first and last name]" or via handwritten signature. *See* May 11, 2020 Order (ECF No. 187) at n.1.

None of the Non-Responsive Plaintiffs subject to Defendant's Motion to Dismiss filed responses to the Motion, either by simply authorizing an e-signature or otherwise. *See Koopmann*, 2020 WL 7054417, at *3. Moreover, none of the Non-Responsive Plaintiffs responded to the Defendant's Motions for More Definite Statement, to which the Court expressly ordered them to respond by July 2, 2020. *See id.*; *see also* May 11, 2020 Order (ECF No. 187). Finally, this Court tried to reach the Non-Responsive Plaintiffs repeatedly with no response; thus, it is appropriate to dismiss their claims due to their failure to respond and noncompliance. *See Koopmann*, 2020 WL 7054417, at *3-4. Even the Moving Plaintiffs recognize that the Non-Responsive Plaintiffs have not responded. Pls.' Mot. for Recons. at 2.

As Plaintiffs have not identified an "intervening change in the controlling law, newly discovered evidence, or a need to correct clear factual or legal error or prevent manifest injustice," required by Rule 59, this Court cannot fully grant Moving Plaintiffs' Motion for Reconsideration. *See Biery*, 818 F.3d at 711. As noted above, this Court will permit Mr. Jakubowski to be reinstated as a plaintiff if he complies with the above conditions set forth in this Order.

CONCLUSION

For the reasons set forth above, this Court **DENIES IN PART AND GRANTS IN PART** the Moving Plaintiffs' Motion for Reconsideration (ECF No. 377). The Court **GRANTS IN PART** the Motion for Reconsideration as it relates to Stephen F. Jakubowski. Mr. Jakubowski's

dismissal shall be without prejudice, and he shall be reinstated as a plaintiff provided that within thirty (30) days of the date of this Order he completes and files with the Court the forms attached at Appendix A, by emailing such forms to ProSe_case_filings@cfc.uscourts.gov or by sending them to Clerk of Court, United States Court of Federal Claims, 717 Madison Place, NW, Washington, DC  20439.  The Court further **GRANTS IN PART** the Motion for Reconsideration with respect to the claims of Plaintiffs Douglas Lund, Richard Newton, and Gerald W. Johnson; those plaintiffs' claims are denied without prejudice, subject to the conditions set forth in footnote 1.  The Court **DENIES** the Motion for Reconsideration in all other respects.

IT IS SO ORDERED.

 s/Eleni M. Roumel   
ELENI M. ROUMEL
Chief Judge