# In the United States Court of Federal Claims

WILLIAM KOOPMANN, *et al*.,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

No. 09-cv-333 T

Filed: January 8, 2021

*For Plaintiffs*:  William C. Brashear, Jr., Dawsonville, Georgia, and William Koopmann, Lovettsville, Virginia, Plaintiffs *pro se*

*For Defendant*:  Jason Bergmann, United States Department of Justice, Tax Division, Court of Federal Claims Section, Washington, D.C.

## ORDER

On September 30, 2020, this Court entered two memoranda and orders granting Defendant's motions to dismiss Plaintiffs William Brashear and William Koopmann (Plaintiffs) from this action.  *See Koopmann v. United States*, 150 Fed. Cl. 290 (2020) (dismissing Mr. Brashear) (hereinafter Brashear Order); *see also Koopmann v. United States*, 150 Fed. Cl. 299 (2020) (dismissing Mr. Koopmann) (hereinafter Koopmann Order).  On October 30, 2020, Plaintiffs, proceeding pro se, jointly filed a motion for reconsideration.  "Motion for Reconsideration (informal)" (ECF No. 365) (Pls.' Mot. for Recons.) at 1.  For the reasons set forth below, Plaintiffs' Motion for Reconsideration is **DENIED**.

## BACKGROUND

This case has a lengthy litigation history, discussed in both the Koopmann and Brashear Orders.  *See generally* Brashear Order 292-94; Koopmann Order at 301-03.  The Court provides a brief summary of the background of this action for ease of reference.

1

The Federal Insurance Contributions Act (FICA), I.R.C. §§ 3101–3128, establishes a tax that is assessed by the Government based on wages paid to workers, and the money collected from the FICA tax is used to fund the Social Security and Hospital Insurance (HI) program. The wages, and subsequent taxes, at issue concern a special timing rule. *See* Treas. Reg. § 31.3121(v)(2)-1(a)(2). Pursuant to the special timing rule, Plaintiffs paid a one-time tax on their deferred compensation plans at retirement. Def.'s Mot. Dismiss Pl. Koopmann Exhibit A at 4 (ECF No. 248-2) (April 29, 2002 letter from Jackie Sobota (United Airlines Pension Audit Representative) to William Koopmann); Pl. Brashear Admin. Cl. at 6, 8 (ECF No. 113). United paid the FICA taxes on behalf of Plaintiffs and subsequently recouped the amounts by deducting them from Plaintiffs' nonqualified plan benefits. Pl. Brashear Admin. Cl. at 6; Def.'s Mot. Dismiss Pl. Koopmann Ex. A at 4. At the time of Mr. Koopmann's retirement in 2001, the estimated present value of his nonqualified deferred compensation plan benefits was $415,025.91, and United paid $6,017.88 in FICA taxes on Mr. Koopmann's behalf. Def.'s Mot. Dismiss Pl. Koopmann Ex. A at 3-4. At the time of Mr. Brashear's retirement in 2000, the estimated present value of his nonqualified deferred compensation plan benefits was $348,136.84, and United paid $5,047.98 in FICA taxes on Mr. Brashear's behalf. Pl. Brashear Admin. Cl. at 5-6. On December 9, 2002, after Plaintiffs' retirement, United Airlines filed a Chapter 11 bankruptcy petition. Def. Ans. ¶ 13 (ECF No. 112). As a result of United's bankruptcy proceedings, United's obligation to pay Plaintiffs' deferred compensation was discharged, with a portion of Plaintiffs' benefits never having been paid. Pl. Brashear Admin. Cl. at 4; Pl. Koopmann's Resp. to Def.'s Mot to Dismiss at 4, 5-6 (ECF No. 308) (Pl. Koopmann Resp.). Specifically, Mr. Koopmann paid the tax on $415,025.91 worth of non-qualified deferred compensation, of which he only received $248,393. Def.'s Mot. Dismiss Pl. Koopmann Ex. A at 3. Likewise, Mr. Brashear paid the tax on $348,136.83 worth of non-

2

qualified deferred compensation, of which he only received $166,657.17. Pl. Brashear Admin. Cl. at 5-6, 9-13.

In 2007, Plaintiffs filed administrative claims for refunds. Pl. Brashear Admin. Cl. at 3-14 (filing a claim for refund on June 4, 2007); Pl. Koopmann Resp. at 4 (signing the claim for refund on August 5, 2007). Both refund claims were unsuccessful; and, on May 26, 2009, Mr. Koopmann, filed a lawsuit in the United States Court of Federal Claims against the United States seeking, *inter alia*, a refund of a portion of the FICA taxes paid relating to his nonqualified deferred compensation plan benefits. *See* Complaint, *Koopmann v. United States*, 09-cv-333 (ECF No. 1) (Compl.).[1]

On September 30, 2020, this Court dismissed both Mr. Brashear and Mr. Koopmann's complaints. *See* Brashear Order at 299; Koopmann Order at 307. On October 30, 2020, Plaintiffs filed a joint motion for reconsideration of this Court's two decisions dismissing their complaints. Mot. for Recons. (ECF No. 365). Plaintiffs make four main arguments in their Motion. First, Plaintiffs allege that, in dismissing their respective cases, the Court failed to recognize certain facts and only relied on Defendant's evidence to reach its opinions in the Koopmann Order and Brashear Order. Mot. for Recons. at 1-2. Second, Plaintiffs allege that their cases are distinguishable from *Balestra v. United States*, 803 F.3d 1363, 1366 (Fed. Cir. 2015). *Id*. Third, Plaintiffs allege that Defendant's arguments related to the statute of limitations were untimely. *Id*. at 2. Fourth, Plaintiffs allege that the Court, in its orders dismissing Plaintiffs, misapplied the special timing rule at 26 C.F.R. § 31.3121(v)(2)-1(a)(1). Mot. for Recons. at 2.

---

[1] Mr. Brashear did not sign the *Koopmann* complaint. Instead, under a previous judge overseeing this case, on September 3, 2009, Mr. Brashear was permitted to file a "Plaintiff Information Sheet," which incorporated Mr. Koopmann's complaint by reference. *See* ECF No. 60 at 3.

DISCUSSION

Motions for reconsideration are governed by Rule 59(a)(1) of the Rules of the United States Court of Federal Claims (Rule(s) or RCFC).  Pursuant to Rule 59(a)(1), a court, in its discretion, "may grant a motion for reconsideration when there has been an intervening change in the controlling law, newly discovered evidence, or a need to correct clear factual or legal error or prevent manifest injustice." *Biery v. United States*, 818 F.3d 704, 711 (Fed. Cir. 2016) (internal citation and quotation omitted).  A motion for reconsideration must also be supported "by a showing of extraordinary circumstances which justify relief." *Id.* (citing *Caldwell v. United States*, 391 F.3d 1226, 1235 (Fed. Cir. 2004)).  Such a motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (internal quotations omitted).  "The decision whether to grant reconsideration lies largely within the discretion of the [trial] court." *Yuba Natural Res., Inc. v. United States,* 904 F.2d 1577, 1583 (Fed. Cir. 1990).

First, Plaintiffs allege that the Court did not recognize that Plaintiffs were seeking a "straight refund of taxes paid that were more than the law required" and that the Court relied only on Defendant's evidence.  Pls.' Mot. for Recons. at 2.  However, contrary to Plaintiffs assertions, the Court considered all evidence before it and fully recognized that Plaintiffs were seeking a tax refund.  *See* Brashear Order at 292 ("William C. Brashear, Jr. seeks a tax refund in the amount of $2,631.45 . . ."); Koopmann Order at 301 ("William Koopmann[] seeks a tax refund in the amount of $2,416 . . .").  The Court, indeed, thoroughly addressed the noted arguments.

Plaintiffs also argue that "[n]o evidence was cited to support the allegation that they sought a re-valuation, and any citations were intentionally confusing or referenced only Defendant's false allegations, which were rebutted in responses filed afterward." Pls.' Mot. for Recons. at 2.  In fact,

4

the Court's descriptions of Plaintiffs' arguments in both orders dismissing Plaintiffs are well supported.  As reflected in the Court's September 30, 2020 Memorandum and Order dismissing Mr. Koopmann's claims, the Court considered, at minimum, the Complaint, Plaintiff's Response to Defendant's Motion to Dismiss Koopmann Dkt 248 (ECF No. 308), and Mr. Koopmann's "Plaintiff Information Sheet" (ECF No. 61).  *See* Koopmann Order at 301.  Additionally, each time the Court analyzed Mr. Koopmann's arguments, the Court cited to Mr. Koopmann's filings.  *See e.g.*, Koopmann Order at 301 (stating two of Mr. Koopmann's arguments and citing Plaintiff's Response to Defendant's Motion to Dismiss Koopmann Dkt 248 both times), at 304 (reiterating several of Mr. Koopmann's arguments and citing Mr. Koopmann's filings in each instance).[2]  As reflected in the Court's September 30, 2020 Memorandum and Order dismissing Mr. Brashear's claims, the Court again considered, at minimum, Mr. Brashear's filings when analyzing and discussing his arguments.  *See e.g.*, Brashear Order 292, 294 (referencing Mr. Brashear's Administrative Claim (ECF No. 113) each time the Court described Mr. Brashear's arguments), 292, 296 (referencing both Mr. Brashear's cross-motion for summary judgment (ECF No. 117) and Mr. Brashear's reply to Defendant's motion for summary judgment (ECF No. 119) when addressing the merits of Mr. Brashear's arguments).  It is simply incorrect to say that this Court ignored Plaintiffs' arguments; to the contrary, this Court took Plaintiffs' arguments very seriously.

Plaintiffs next argue that the Court erred in interpreting their claims for refund "so as to conform to [*Balestra v. United States*, 803 F.3d 1363 (Fed. Cir. 2015)], in which the appellant claimed his employer's 3-year [bankruptcy], prior to his retirement, made the fair value of his

---

[2] In its September 30, 2020 Memorandum and Order dismissing Mr. Koopmann, the Court cited "Pl. Mot. at 3-4." This citation is incorrect and should be "Pl. Resp. at 3-4." *See* Koopmann Order at 304.  The Court will make the noted correction.

rights virtually worthless." Pls.' Mot. for Recons. at 1. The Court's reference to *Balestra* was made in the alternative. Specifically, the Court found:

> [T]he Federal Circuit has already rejected [Plaintiffs'] arguments related to the Treasury Department's application of the special timing rule in the identical situation. *Balestra*, 803 F.3d at 1369-1373 . . . . In *Balestra*, a retired United Airlines pilot brought a suit seeking a FICA tax refund. Like the present case, [Plaintiffs] paid FICA taxes on retirement benefits [they] never received due to United Airlines' bankruptcy. [Plaintiffs] challenged the Treasury Department's application of the special timing rule, which taxed plaintiff's deferred compensation at the 'present value' as of the date of plaintiff[s'] retirement but also 'prohibited consideration of an employer's financial condition (e.g., bankruptcy) in calculating the amounted deferred.' *Balestra*, 803 F.3d at 1365 (citing 26 C.F.R. § 31.3121(v)(2)-1(c)(2)(ii)).

Brashear Order at 298-99; Koopmann Order at 307. As the Court noted, even if Plaintiffs' claims were not barred by the statute of limitations, the Federal Circuit's holding in *Balestra*—that the Treasury's interpretation of the special timing rule does not provide an adjustment for subsequent bankruptcies—closes any avenue for Plaintiffs to succeed on the merits. *See id*.

Third, Plaintiffs allege that they were denied refunds for "'no basis' or wording in the law, that specifically allowed for refunds of 1031v2 [sic] taxed FICA benefits, and failure to file timely refund requests." Pls.' Mot. for Recons. at 2. Plaintiffs go on to argue that, "[t]he Government did not defend the first reason in 11 1/2 years, and the Court did not address that 'reason' for denial." *Id*. While Plaintiffs' argument is somewhat difficult to comprehend at first, their "no basis in law" argument appears to focus on the Treasury's interpretation of the term "amount deferred" in 26 C.F.R. § 31.3121(v)(2)-1(c)(2)(ii). To the extent Plaintiffs are making this argument, it fails under *Balestra*, in which the Federal Circuit held that the Treasury's interpretation is reasonable. 803 F.3d at 1371. As previously noted, this Court is bound by the Federal Circuit's determination. *See* Koopmann Order at 307; Brashear Order at 298-99. Next, to the extent that Plaintiffs allege that Defendant's arguments related to the statute of limitations were untimely, this argument is also without merit. Plaintiffs could have, but did not, bring this

argument in their responses to Defendant's motions to dismiss, and a motion for reconsideration is not the place for a movant to bring a new argument previously available to be made. *See Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (Motions for Reconsideration '"may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment"' (quoting 11 Wright & Miller, Federal Practice and Procedure § 2810.1, pp. 127–128 (2d ed.1995)).

Further, Defendant's Motions to Dismiss were timely.  Mr. Koopmann filed his Complaint on May 26, 2009 (*see* Compl.); after several extensions of time, Defendant first filed its motion to dismiss on March 5, 2010 (*see* ECF No. 48).  As discussed in the Koopmann Order, this case was transferred to the undersigned judge on April 10, 2020.  *See* ECF No. 137; Koopmann Order at 301.  This Court then held a status conference on May 7, 2020, during which the Court asked whether Defendant wished to supplement Defendant's Motion to Dismiss Mr. Koopmann's complaint (ECF No. 48) and, given the ten-year passage of time since filing, whether Mr. Koopmann wished to supplement his responses to that motion (ECF Nos. 53, 57).  *See* Transcript of May 7, 2020 Status Conference at 13:8-22:3 (ECF No. 219) (May 7, 2020 Tr.); Koopmann Order at 301 n.1.  During the status conference, Defendant's counsel verified that the previously assigned judge did not rule on Defendant's March 5, 2010 Motion to Dismiss.  *See* May 7, 2020 Tr. at 10:23-11:6; Koopmann Order at 301 n.1.  Accordingly, the Court directed the Defendant to update its motion to dismiss, originally filed on March 5, 2010.  *See* May 7, 2020 Tr. at 11:7-13:6; May 11, 2020 Scheduling Order (ECF No. 184) (denying as moot Defendant's previously filed Motion to Dismiss); Koopmann Order at 301 n.1.  Likewise, Mr. Brashear filed his Administrative Claim on May 23, 2017.  *See* ECF No. 113.  Shortly thereafter, on June 23, 2017, Defendant filed

a motion to dismiss Mr. Brashear's claims.  Def.'s Mot. to Dismiss Pl. Brashear's Claims (ECF

No. 114).  Defendant timely filed both of its motions to dismiss pursuant to Rule 12(a).

Finally, Plaintiffs allege the Court ignored Plaintiffs' challenge to "the application of the

time statute to more than one year . . . ."  Pls.' Mot. for Recons. at 2.  Plaintiffs misunderstand how

the special timing rule in 26 C.F.R. § 31.3121(v)(2)-1(a)(1) operates.  The special timing rule

applies to wages received from a non-qualified deferred compensation plan, such as the plan at

issue in this present action.  *See Balestra*, 803 F.3d at 1366 (internal citations and quotations

omitted).[3]  Under the "special timing rule," FICA tax is assessed only once—at the later of either:

(A) the date services are performed or (B) the date when there is no substantial risk of forfeiture

of the rights to such amount.  *See* 26 C.F.R. § 31.3121(v)(2)-1(a)(1) (tracking I.R.C. §

3121(v)(2)(A)).  There is "no substantial risk of forfeiture," if

> an amount deferred is considered reasonably ascertainable on the first date on
> which the amount, form, and commencement date of the benefit payments
> attributable to the amount deferred are known, and the only actuarial or other
> assumptions regarding future events or circumstances needed to determine the
> amount deferred are interest and mortality.

26 C.F.R. § 31.3121(v)(2)-1(e)(4)(i)(B).  The deferred benefits are taxed at their "present value,"

which is computed with reference to actuarial projections concerning life expectancy and a

discount rate which accounts for the time value of money but does not account for the risk of

employer default.  *See* 26 C.F.R. § 31.3121(v)(2)-1(c)(2)(ii); *see also Balestra*, 803 F.3d at 1371.

In other words, the rule attempts to estimate the total value of the compensation plan; and,

consequently, the taxpayer only pays the tax once and does not pay a tax on the amount the

taxpayer receives each year.  In *Balestra*, the United States Court of Appeals for the Federal Circuit

---

[3] "Both Congress and Treasury define 'nonqualified deferred compensation plan.'" *See Balestra*,
803 F.3d 1366 (citing 26 U.S.C. § 3121(v)(2)(C) (Congress's definition); 26 C.F.R. §
31.3121(v)(2)-1(b) (Treasury's definition)).  The parties agree that the plan at issue is such a non-
qualified deferred compensation plan.

found the Treasury's statutory interpretation—that the "amount deferred" is defined in terms of "present value"—to be reasonable.  *Balestra*, 803 F.3d at 1371.  Additionally, the relevant statute of limitations requires that a federal tax refund claim must be filed either within three years of filing the return or within two years of paying the tax, whichever is later.  *See* I.R.C. § 6511(a).  Here, Mr. Brashear paid the present value of his FICA taxes in 2000 when he retired (Brashear Admin Cl. at 6, 8), and Mr. Koopmann paid the present value of his FICA taxes when he retired in 2001.  Def.'s Mot. Dismiss Pl. Koopmann Ex. A at 3-4 (ECF No. 248-2).  Following their one-time payment at retirement, Plaintiffs were not required to pay further taxes on this compensation plan.  It is undisputed that Plaintiffs filed for a refund of these tax payments and that I.R.C. § 6511 applies to Plaintiffs' claims.  Therefore, the Court correctly applied the statute of limitations for tax refunds, I.R.C. § 6511(a), to both Plaintiffs' claims.

As Plaintiffs have not identified an "intervening change in the controlling law, newly discovered evidence, or a need to correct clear factual or legal error or prevent manifest injustice," discussed in *Biery*, 818 F.3d at 711, and required by Rule 59, this Court must deny Plaintiffs' Motion for Reconsideration.

<u>CONCLUSION</u>

For the reasons set forth above, this Court **DENIES** Plaintiffs' Motion for Reconsideration (ECF No. 365).

   IT IS SO ORDERED.

    s/Eleni M. Roumel
    ELENI M. ROUMEL
    Chief Judge