<p style="text-align:center; color:red;">**CORRECTED**</p>

# In the United States Court of Federal Claims

| | |
|---|---|
| WILLIAM KOOPMANN, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 09-cv-333T<br><br>Filed: January 12, 2021 |

*For Plaintiffs*:  Peter Sofman, Stamford, Connecticut, and Wesley Fetzer, Fort Meyers, Florida, Plaintiffs *pro se*

*For Defendant*:  Jason Bergmann, United States Department of Justice, Tax Division, Court of Federal Claims Section, Washington, D.C.

### MEMORANDUM AND ORDER

This action involves over 160 pro se plaintiffs; over the course of the litigation, the Court has dismissed various plaintiffs or plaintiff groups.  On December 4, 2020, Defendant moved, under Rule 54 of the Rules of the United States Court of Federal Claims (RCFC or Rule(s)), for final judgment with respect to twenty-two (22) plaintiffs or plaintiff groups.  *See* Defendant's Motion for Final Judgment Under RCFC 54 with respect to Twenty-Two Plaintiffs or Groups of Plaintiffs (ECF No. 376) (Defendant's Motion or Def. Mot.).  Specifically, Defendant requests final judgment with respect to the following plaintiffs:

- Louis and Phyllis Balestra, whose claims in *Koopmann* were dismissed on July 16, 2014.  *See* ECF No. 81;

- Walter A. and Sandra J. Bates, whose claims in *Koopmann* were dismissed on April 10, 2020, and for whom reconsideration was denied on November 24, 2020.  *Koopmann v.*

*United States*, No. 09-333T, 2020 WL 1844657, at *1 (Fed. Cl. Apr. 10, 2020), *reconsideration denied*, No. 09-333T, 2020 WL 6938018 (Fed. Cl. Nov. 24, 2020);

- William C. Brashear and William Koopmann whose claims in *Koopmann* were denied on October 30, 2020, and for whom reconsideration was denied on January 8, 2021. *See Koopmann v. United States*, 150 Fed. Cl. 299 (2020) (dismissing Mr. Koopmann's claims); *Koopmann v. United States*, 150 Fed. Cl. 290 (2020) (dismissing Mr. Brashear's claims); January 8, 2020 Order (ECF No. 383) (denying Mr. Koopmann and Mr. Brashear's Motion for Reconsideration); and

- Charles H. George and Allen E. Snook, whose claims were dismissed in both *Koopmann* and *Sofman*;[1] and Brian Leiding, James B. Brooks, Sr., Douglas R. Lund, David S. Meik, Joseph L. Galbraith, William Mullen, Magnus R. Hansen, Richard E. Newton, Wayne A. Jackson, William Royall, Jr., Robert C. Seits, Gerald W. Johnson, Robert S. Tanons, John Joyce, and George Williams, whose claims in *Koopmann* were dismissed on December 1, 2020, and for whom reconsideration was denied on January 5, 2020. *Koopmann v. United States*, No. 09-333T, 2020 WL 7054417 (Fed. Cl. Dec. 1, 2020), *granting reconsideration in part*, No. 09-333T, 2021 WL 29506 (Fed. Cl. Jan. 5, 2021).

*See* Def. Mot. at 1.

Rule 54(b) provides that in an action where "multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." RCFC 54(b). When a court does not expressly make that determination, that order or decision "does not end the action as to any of

---

[1] Defendant did not move for final judgment with regard to Messrs. George and Snook in *Sofman* v. *United States*. *See Sofman*, ECF No. 198.

the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." *Id.* As a result, dismissed plaintiffs, whose dismissals are not final judgments, cannot appeal the court's dismissal orders. *See Nystrom v. Trex, Inc.*, 339 F.3d 1347, 1350 (Fed. Cir. 2003) ("If a case is not fully adjudicated as to all claims for all parties and there is no express determination that there is no just reason for delay or express direction for entry of judgments as to fewer than all of the parties or claims, there is no 'final decision' under 28 U.S.C. § 1295(a)(1) and therefore no [appellate] jurisdiction." (quoting *Pandrol USA, LP v. Airboss Ry. Prod., Inc.*, 320 F.3d 1354, 1362 (Fed. Cir. 2003)).

As defined by Rule 54(a), a judgment is "a decree and any order from which an appeal lies." RCFC 54(a). Pursuant to Rule 58(a), "[e]very judgment . . . must be set out in a separate document . . . ," with exceptions that are inapplicable here. RCFC 58(a). When a separate document is required, entry of judgment occurs when "the judgment is entered in the civil docket . . ." and when the earlier of two events occurs: (a) the judgment "is set out in a separate document," or (b) "150 days have run from the entry in the civil docket." RCFC 58(c).

The Court must make an express determination that no just reason for delay exists in order to enter final judgment under Rule 54. *See* RCFC 54(b); *Aleut Tribe v. United States*, 702 F.2d 1015, 1020 (Fed. Cir. 1983) (requiring the trial judge to make (1) "an express determination that there is no just reason for delay" and (2) an "express direction for the entry of judgment"). When making this determination, a court should consider the separateness of the claims for relief. *See W.L. Gore & Assocs., Inc. v. Int'l Med. Prosthetics Research Assocs., Inc.*, 975 F.2d 858, 862 (Fed. Cir. 1992).

On December 18, 2020, Plaintiffs Wesley Fetzer and Peter Sofman filed a response to Defendant's Motion; no other Plaintiff submitted a response. *See* Pls.' Resp. (ECF No. 378). In

their Response, Plaintiffs Fetzer and Sofman urged the Court to grant Defendant's Motion in part but enter final judgment with respect only to Mr. Brashear and Mr. Koopmann.  *See* Pls.' Resp. at 1.  Those plaintiffs oppose final judgment as to the other twenty (20) plaintiffs subject to Defendant's Motion.  Pls.' Resp at 2-3.  Specifically, Plaintiffs Fetzer and Sofman contend that the Court should first address the issues in a then-pending motion for reconsideration before entering final judgment.  *Id*. at 3 (referencing Motion for Reconsideration (ECF No. 377)).  This argument is now moot, however, as the Court has ruled on the referenced Motion for Reconsideration.  *See Koopmann v. United States*, No. 09-333T, 2021 WL 29506 (Fed. Cl. Jan. 5, 2021).

The Court finds no just reason to delay final judgment as to the dismissed plaintiffs or plaintiff groups.  The claims of the dismissed parties are readily separable from those of the remaining plaintiffs.  *See Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8 (1980).  For instance, the Court dismissed the Balestras' and Bates' claims on issue preclusion and claim preclusion grounds.  *See* July 16, 2014 Order (ECF No. 81) (referencing *Balestra v. United States*, 803 F.3d 1363 (Fed. Cir. 2015));[2] *Koopmann v. United States*, No. 09-333T, 2020 WL 1844657, at *1 (Fed. Cl. Apr. 10, 2020), *reconsideration denied*, No. 09-333T, 2020 WL 6938018 (Fed. Cl. Nov. 24, 2020).  The Court dismissed seventeen (17) plaintiffs for want of prosecution.[3]

---

[2] Pursuant to Rule 58(c)(B), judgment has been entered with respect to the Balestra plaintiffs because "150 days have run from the entry in the civil docket," which entry occurred on July 16, 2014.  *See* July 16, 2014 Order (ECF No. 81); RCFC 58(c)(B).  To the extent necessary, the Court also grants Defendant's Motion as it pertains to the Balestras.

[3] The Court dismissed without prejudice four plaintiffs who may have recently passed away, Alan E. Snook, Douglas Lund, Richard Newton, and Gerald W. Johnson, allowing time for their representatives to move to substitute on suggestion of death, pursuant to Rule 25.  *Koopmann*, 2020 WL 7054417, at *1 n.1.  The United States Court of Appeals for the Federal Circuit has taken a flexible approach to the final judgment rule.  *See Doe v. United States*, 513 F.3d 1348, 1353 (Fed. Cir. 2008) ("declin[ing] to follow a bright line rule that judgments must always be treated as nonfinal whenever unresolved claims are voluntarily dismissed without prejudice.").  Specifically,

*Koopmann v. United States*, No. 09-333T, 2020 WL 7054417 (Fed. Cl. Dec. 1, 2020), *reconsideration granted in part*, No. 09-333T, 2021 WL 29506 (Fed. Cl. Jan. 5, 2021). Additionally, the Court dismissed Messrs. Koopmann's and Brashear's claims as barred by I.R.C. § 6511(a). *Koopmann v. United States*, 150 Fed. Cl. 290, 292 (2020) (dismissing Plaintiff Brashear's claims); *Koopmann v. United States*, 150 Fed. Cl. 299, 301 (2020) (dismissing Plaintiff Koopmann's claims); January 8, 2020 Order (ECF No. 383) (denying Plaintiffs Koopmann and Brashear's Motion for Reconsideration).

Moreover, there are more than one-hundred (100) plaintiffs remaining in the case, and the timing for resolution of the remaining plaintiffs' claims is currently unclear. *See Curtiss-Wright Corp.,* 446 U.S. at 6 (1980) (affirming district court's entry of final judgment under Rule 54(b) where "the complex nature of the remaining claims could, without certification, mean a delay that would span many months, if not years." (internal quotations omitted)).

Therefore, for good cause shown and in the interest of justice, this Court **GRANTS** Defendant's Motion (ECF No. 376) and directs the Clerk of Court to enter a separate judgment, pursuant to Rule 54(b), there being no just reason for delay, for each of the following twenty-one (21) plaintiffs or plaintiff groups: (1) Louis and Phyllis Balestra,[4] (2) Walter A. and Sandra J. Bates, (3) William C. Brashear, (4) William Koopmann, (5) Charles H. George, (6) Allen E. Snook, (7) Brian Leiding, (8) James B. Brooks, Sr., (9) Douglas R. Lund, (10) David S. Meik, (11) Joseph L. Galbraith, (12) William Mullen, (13) Magnus R. Hansen, (14) Richard E. Newton,

---

the Federal Circuit has found that "an involuntary dismissal without prejudice is appealable as a final judgment." *Cyprus Amax Coal Co. v. United States*, 205 F.3d 1369, 1372 (Fed. Cir. 2000) (citations omitted). Accordingly, the Court finds that entering final judgment for these four plaintiffs is proper.

[4] *See supra* note 2.

5

(15) Wayne A. Jackson, (16) William Royall, Jr., (17) Robert C. Seits, (18) Gerald W. Johnson, (19) Robert S. Tanons, (20) John Joyce, and (21) George Williams.

IT IS SO ORDERED.

                                                       s/Eleni M. Roumel  
                                                      ELENI M. ROUMEL  
                                                          Chief Judge

January 12, 2021  
Washington, D.C.