# In the United States Court of Federal Claims

No. 09-333
(Filed: May 23, 2022)

**NOT FOR PUBLICATION**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
WILLIAM KOOPMANN, *et al.*,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*Pro Se*; Motion for Relief from Judgment; RCFC 60(b)(1).

## MEMORANDUM OPINION AND ORDER

**DIETZ, Judge.**

Before the Court is a "Motion for Reconsideration and Stay of Dismissals of Eighteen Plaintiffs" filed on February 2, 2021, by plaintiffs Wesley Fetzer, James Biestek, Ronald Blash, and Lawrence McClure. Pls.' Mot. for Reconsideration, ECF No. 423 [hereinafter Pls.' Mot.]. This motion stems from a December 1, 2020 Order ("December 1st Order") that dismissed eighteen individual plaintiffs for failure to prosecute their cases pursuant to Rule 41(b) of the Rules of the United States Court of Federal Claims ("RCFC") after each plaintiff failed to provide verified contact information in response to a court order. *See* ECF No. 375. The individual plaintiffs who signed the Motion for Reconsideration were not subject to the December 1st Order and remain active plaintiffs in this litigation.

The Court held a status conference on May 4, 2021, during which the Motion for Reconsideration was discussed. *See* ECF No. 550. The Court reminded the plaintiffs that, under RCFC 83.1(a)(3), individual *pro se* plaintiffs cannot file motions on behalf of other *pro se* plaintiffs, and, thus, only the plaintiffs who signed the Motion for Reconsideration would be considered as moving for reconsideration. *See* ECF No. 576. Shortly thereafter, four individual plaintiffs, who were dismissed by the December 1st Order, Robert C. Seits, Brian Leiding, James B. Brooks, and Cate Shepard (on behalf of Richard E. Newton), individually filed Motions to Join the Motion for Reconsideration. *See* ECF Nos. 578-80, 582. The Court granted the individual Motions to Join.[1] ECF Nos. 576, 593. The Court now considers the pending Motion for Reconsideration as being filed only by plaintiffs Robert C. Seits, Brian Leiding, James B.

---

[1] Plaintiff Russell E. Mullen also filed a Motion to Join the Motion for Reconsideration, but his Motion to Join was denied because he was still an active plaintiff. *See* ECF No. 576.

Brooks, and Cate Shepard (on behalf of Richard E. Newton) (hereinafter collectively referred to as the "Moving Plaintiffs").

Although the Moving Plaintiffs do not cite a particular rule in their Motion for Reconsideration, the Court construes the motion as seeking relief from judgment under RCFC 60(b)(1). RCFC 60(b)(1) provides that "[o]n motion and just terms, the court may relieve a party or its legal representatives from a final judgment, order, or proceeding for . . . excusable neglect." A motion for relief under RCFC 60(b)(1) must be filed "no more than one year after the entry of judgment or order or the date of the proceeding." RCFC 60(c)(1). To determine whether a party's neglect was excusable under RCFC 60(b)(1), the court balances "(1) the danger of prejudice to the non-movant, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith." *Moczek v. Sec'y of Health & Hum. Servs.*, 776 F. App'x 671, 673-74 (Fed. Cir. 2019) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)) (internal brackets omitted). The determination is "an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv.*, 507 U.S. at 395. Additionally, since the Moving Plaintiffs are all acting *pro se*, their pleadings are held to a more lenient standard than pleadings drafted by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *see also Erickson v. Pardas*, 551 U.S. 89, 94 (2007).

Each of the Moving Plaintiffs signed their motions to join in May 2021, which is before the expiration of the one-year deadline under RCFC 60(c)(1). *See* ECF Nos. 578-80, 582. In the Motion for Reconsideration, the Moving Plaintiffs argue that they "were dismissed with prejudice and without warning of dismissal, for failure to prosecute their claims . . . and before the issues of the case were even considered" and that "they feel that failure to properly certify their correct mailing address has, arguably, nothing to do with prosecuting their claims." Pls.' Mot. at 2. While the Court does not accept the proposition that failing to comply with a Court order requiring that plaintiffs verify their mailing address has "nothing to do with prosecuting their claims," the Court nevertheless finds that the circumstances of this case justify granting the Moving Plaintiffs relief from judgment for excusable neglect.[2]

It is indisputable that all plaintiffs before this Court are required to comply with this Court's rules and orders, and, while afforded some leniency, *pro se* plaintiffs are no exception. *See Lewis v. United States*, 31 Fed. Cl. 607, 611-12 (1994) ("While a *pro se* plaintiff is accorded leniency by the court in matters of procedure, [they are] not insulated from dismissal under Rule 41(b).") (internal citations omitted). However, the situation of the Moving Plaintiffs is unique. Due to the large number of individual *pro se* plaintiffs organized under a single case, the existence of an informal plaintiff's committee of individual non-attorney *pro se* plaintiffs attempting to represent other individual *pro se* plaintiffs, and the occasional transfers of the case

---

[2] Defendant has not responded substantively to the Motion for Reconsideration because it is not required to respond, and the Court has not ordered Defendant to do so. *See* ECF No. 583; RCFC 59(f).

to a new judge, the litigation has morphed into an unusually complex case over its twelve year span. Under these circumstances, it is unsurprising that some of these *pro se* plaintiffs failed to effectively monitor developments and properly respond when required. The Court does not view the failures by Moving Plaintiffs as intentional or in bad faith. Instead, the Court finds it more likely that such failures resulted from the procedural complexity and duration of this litigation. By filing individual Motions to Join the Motion for Reconsideration, the Moving Plaintiffs have demonstrated their desire to actively participate in further proceedings in this case, and the Court finds it justified to provide them with the opportunity. Additionally, and equally as critical to this determination, allowing Moving Plaintiffs to be reinstated as active plaintiffs will not significantly prejudice Defendant or negatively impact further judicial proceedings. The Court recently organized all of the active plaintiffs' case into groups by retirement year. Upon reinstatement, the Moving Plaintiffs will simply be moved into one of the existing groups of active plaintiffs subject to the anticipated further proceedings.

Accordingly, the Motion for Reconsideration is **GRANTED-IN-PART AND DENIED-IN-PART**. The Motion for Reconsideration is **GRANTED** with respect to Moving Plaintiffs Robert C. Seits (ECF No. 413), Brian Leiding (ECF No. 403), James B. Brooks (ECF No. 404), and Cate Shepard (on behalf of Richard E. Newton) (ECF No. 410) and **DENIED** with respect to plaintiffs Wesley P. Fetzer, James H. Biestek, Ronald L. Blash, and Lawrence J. McClure. The Rule 54(b) judgments for Moving Plaintiffs Robert C. Seits (ECF No. 413), Brian Leiding (ECF No. 403), James B. Brooks (ECF No. 404), and Cate Shepard (on behalf of Richard E. Newton) (ECF No. 410) are hereby **VACATED**.

The Clerk is **DIRECTED TO REINSTATE** Robert C. Seits, Brian Leiding, James B. Brooks, and Cate Shepard (on behalf of Richard E. Newton) as plaintiffs in *Koopmann, et al. v. United States*, 09-333 and **MOVE THEM** from *Koopmann v. United States, et al.*, 09-333 to *Barnes, et al. v. United States*, 09-33308.

Plaintiffs Robert C. Seits, Brian Leiding, James B. Brooks, and Cate Shepard (on behalf of Richard E. Newton) **SHALL EACH FILE A COMPLETED SHORT-FORM COMPLAINT BY NO LATER THAN JULY 22, 2022**. A sample Short Form Complaint is attached as Appendix A to this Order. The forms shall be returned via email to ProSe_case_filings@cfc.uscourts.gov or in hard copy to the Clerk of Court, United States Court of Federal Claims, 717 Madison Place, NW, Washington, DC 20439. **SHOULD A PLAINTIFF FAIL TO SUBMIT A SHORT FORM COMPLAINT BY THE DEADLINE, SUCH PLAINTIFF WILL BE DISMISSED WITH PREJUDICE.**

IT IS SO ORDERED.

s/ Thompson M. Dietz<br>
THOMPSON M. DIETZ, Judge